## Benjamin B. Myers, Plff. in Err., v. Benjamin Fritz.

Although one who, by a dam erected on his own land, accumulates water is liable to others for injury to their property resulting from the breaking of the dam in such a storm as might have been expected, yet if the injury proceeds from an extraordinary storm or rain or other act of God, such as could not have been foreseen, he is not liable for it.

(Argued May 19, 1887. Decided May 30, 1887.)

NOTE.—Such constructions as dams or culverts must be erected and adapted to prevent injury under ordinary conditions. Brown v. Pine Creek R. Co. 183 Pa. 38, 38 Atl. 401; Fick v. Pennsylvania R. Co. 157 Pa. 622, 27 Atl. 783. But the constructors are not bound to provide against extraordi•

January Term, 1887, No. 295, E. D., before MERCUR, Ch. J., GORDON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ.   Error to the Common Pleas of Lancaster County to review a judgment on a verdict for the defendant in an action for damages caused by the breaking of a dam.   Affirmed.

At the trial before PATTERSON, J., the following facts appeared:

Myers and Fritz owned and occupied adjoining farms.   The Fritz farm was the higher land, and a narrow valley opened from it upon the Myers farm.   Along the division line across this valley Fritz maintained, upon his own land, an embankment of earth and stones forming a dam about 6 feet high on the side next the Myers farm, and not so high on the upper side

In July, 1883, during a sudden storm, part of the dam was swept away by the water that accumulated behind it and poured over it   The fields of Myers were flooded and washed into gullies.   His crops and fences were injured and a great quantity of rubbish was deposited in his meadow.   As to the violence of the storm the testimony varied.

The court charged the jury as follows:

This is an action on the case brought by Benjamin Myers, the plaintiff, to recover damages consequential, or resulting from the building of a row or pile of stones by defendant upon his own land.   In the language of the narr., as the plaintiff complains, "by means of divers large quantities of stones, wood, clay, and other materials, erected an embankment or dam on his said tract of land (of the defendant's land), at or near the line between the said tract of the said defendant, and the said tract of the plaintiff, by means of which embankment or dam the natural flow of the drainage and surface waters was stopped and obstructed, until a large body of water was collected into a pool,

nary floods.   Baltimore & O. R. Co. v. Sulphur Springs Independent School Dist. 96 Pa. 65, 42 Am. Rep. 529; Pittsburg, Ft. W. & C. R. Co. v. Gilleland, 56 Pa. 445, 94 Am. Dec. 98.   If there is conflict in the testimony as to whether the flood was extraordinary the question is for the jury.   Fick v. Pennsylvania R. Co. 157 Pa. 622, 27 Atl. 783; Brown v. Pine Creek R. Co. 183 Pa. 38, 38 Atl. 401.   As to what constitutes an extraordinary flood, see Farnham, Waters, p. 1840.   As to liability of landowner for constructing a wall on his land without providing against extraordinary floods, see the same author, at p. 1839.

and the said water so collected, by its weight and force, broke the said embankment or dam, and washed the stones, wood, clay, and other materials of the said embankment or dam upon the said land of the plaintiff, thereby covering the grass, pasture, and grain growing on said land, and encumbering the said land with rubbish in many places; and at other places the force of the current, after breaking the said embankment or dam, washed away the soil of the said tract of land, and made large gutters or gullies therein, whereby the said tract of land of the plaintiff was greatly deteriorated and lessened in value, and a large portion thereof was rendered entirely useless. By means of which said several premises, the plaintiff hath been greatly injured in the use and possession of his said tract of land. Whereupon he, the plaintiff, saith he is injured and hath sustained damage to the amount of $2,000; and therefore he brings this suit.

[This is what is charged against the defendant by the plaintiff, and this suit is brought by the owner of the land or tract that is alleged to have been injured. The testimony shows that he was the occupier and owner also at the time this storm happened. He therefore cannot recover damages, if any, for use, and also for a permanent injury. His damages, if he be entitled to any, can only be for a permanent injury.][1]

We also say to you that if you are satisfied that the owner, Mr. Myers, was the owner and possessor, at the time of the alleged injury, namely, in July and August, 1883, and that the trespass was completed then, and the testimony only directs us to that particular time, then the owner of the land is not devested of this action by a subsequent sale; he did not lose his right of action by a subsequent sale. Although he did sell subsequently to Mr. Eshleman, that does not prevent him from maintaining this suit.

A man may build a wall or other erection on his own property, provided by so doing he does not injure his adjoining owner.

In this case the parties both admit that the row of stones or dam, caused by those stones thrown into the natural drain, and the heavy rain accumulating the water there, caused the breaking thereof; and both admit that such breaking was the immediate cause of the injury to the plaintiff's land.

The law of this case the court submits to the jury as follows: [If the injury to the plaintiff Myers was caused by the defendant's dam or embankment of stones breaking by reason of a

storm under ordinary circumstances such as he might have anticipated or expected when he made it, and he was keeping it up, he would be liable in this action.][2]  But if the injury proceeded from an extraordinary storm or rain or an act of Providence such as could not have been foreseen or anticipated or expected, the plaintiff would not be entitled to recover.  In other words, the defendant here would be liable for all damages from the ordinary recurring and expected floods or rains of the season, but not for those occasioned by uncommon, unexpected and unusual floods or rains.

And this is a question for your determination under the evidence—under all the evidence submitted to you from the witness stand.  You will look at all the evidence submitted to you: when this stone pile or dam was begun—how made or constructed—it was not disputed that the defendant contributed to build it up—and consider whether any damage had ever resulted from this dam or erection or not, before the alleged damage occurred.

In general, the rule for the measure of damages in cases of this kind,—and if you find and believe that the defendant is liable here,—the measure of damages is actual compensation for the injury—whatever would compensate the plaintiff for the injury, no more. That you are to find from the evidence. The damages for inadvertent or unintentional injuries, unaccompanied with violence, are simply compensatory; and that would be the damages in this case, should you find under the law and the evidence that the plaintiff is entitled to damages at all.

Should you find and believe that the defendant was grossly negligent, or maliciously built up these stones to injure the plaintiff—if you so find, then the amount of damages rests in the sound discretion of you, the jury—rests with you, uninfluenced by prejudice or passion.

The plaintiff submitted, *inter alia,* the following points:

1. Every man has the right to use his own property as he pleases, provided such use does not injure his neighbor, and whenever he does injure his neighbor by such use, he is responsible to the latter for damages.

*Ans.* Yes, if by such use of his property he might have foreseen that his neighbor would be injured, he would be responsible to the latter for damages.

3. If the jury believe that the defendant erected a dam or embankment on his land near the line of the land of plaintiff, and thereby dammed the water which naturally ran from his land to that of the plaintiff, so that it collected into a pool, which by its weight and force broke the dam or embankment, and rushed down upon the land of plaintiff, and injured the same, their verdict must be for the plaintiff for such sum as will compensate him for the loss and injury which he sustained thereby.

*Ans.* We affirm this point, with the qualification that if the jury believe that defendant erected a dam or embankment on his land near the line of the land of the plaintiff, and thereby dammed the water which naturally ran from his land to that of the plaintiff, under ordinary circumstances, such as he might have anticipated when he erected it, or hauled the stones into the natural drain, he would be liable for the loss and injury which the plaintiff sustained thereby.

The defendant submitted, *inter alia,* the following point:

1. If the jury believe that the damage complained of was caused by an extraordinary rain fall, such as is unusual and not to be expected in ordinary seasons, then it was the act of God, and the defendant is entitled to their verdict, even if they believe that the washing out of the stone pile on the defendant's land was the immediate cause of it.

*Ans.* Yes. If the jury find that the washing out of the stone pile was the immediate cause of the injury, and occasioned by an uncommon, unexpected and extraordinary rain storm, occasioned by an act of Providence which could not have been anticipated, the defendant would not be liable, and the defendant would be entitled to your verdict.

The assignments of error specified: (1) and (2) The portions of the charge inclosed in brackets; (3) the action of the court in keeping prominently before the jury the idea of a flood amounting to an act of God; (4), (5) and (6) the respective answers to the points quoted.

*D. G. Eshleman, G. R. Eshleman,* and *J. E. Snyder,* for plaintiff in error.—If the jury are directed to find whether an injury was caused by an act of Providence which could not have been anticipated, they ought to be particularly instructed as to what constitutes an act of Providence in the eye of the law.

It is not enough that the dam is sufficient to resist ordinary

floods; for if the stream is occasionally subject to great freshets, those must likewise be guarded against. Angell, Watercourses, § 336.

A person building a dam across a stream subject to extraordinary freshets is bound to construct it to resist such freshets, although they occur only once in several years, and at no regular intervals. Gray v. Harris, 107 Mass. 492, 9 Am. Rep. 61.

The owner of a dam erected on his own land is responsible for all injury done to that of his neighbor, arising from the ordinary and expected, and even extraordinary, freshets occurring in the stream. Humphrey v. Irvin, 3 Sad. Rep. 272; McCoy v. Danley, 20 Pa. 85, 57 Am. Dec. 680; Casebeer v. Mowry, 55 Pa. 419, 93 Am. Dec. 766.

*S. H. Reynolds* and *D. McMullen,* for defendant in error.— An action does not lie for a reasonable use of one's right, although it be to the injury of another. For the lawful use of his property a party is not answerable in damages, unless on proof of negligence. Philadelphia & R. R. Co. v. Yeiser, 8 Pa. 374.

The party erecting the structure must provide and guard against such accidents as may be reasonably anticipated, under all the circumstances. Gray v. Harris, 107 Mass. 492, 9 Am. Rep. 61; New York v. Bailey, 2 Denio, 433.

Every storm is, strictly speaking, the act of God; and for any injury done thereby no man is liable in damages unless he has by his own negligence (or in other words: by the want of that degree of care which the law requires of him under the circumstances) contributed to the injury. And the degree of care required is that which will guard against injuries which knowledge and experience of the surroundings should lead one to expect, anticipate, or foresee. Lehigh Bridge Co. v. Lehigh Coal & Nav. Co. 4 Rawle, 9, 26 Am. Dec. 111.

Where the injury arises from some cause out of the ordinary course, from some unusual cause—as, for instance, from a flood or freshet, such as has been described by the witnesses—the owner of the dam is not liable to damages. Bell v. M'Clintock, 9 Watts, 119, 34 Am. Dec. 507.

An act of Providence in legal phraseology means an accident against which ordinary skill and foresight is not expected to provide. It does not include those floods which happen so fre-

quently that men of ordinary prudence are expected to calculate upon them. McCoy v. Danley, 20 Pa. 89, 57 Am. Dec. 680.

The concurrence of negligence with the act of Providence, where the mischief is done by flood or storm, is necessary to fix the defendant with liability. Livezey v. Philadelphia, 64 Pa. 106, 3 Am. Rep. 578.

PER CURIAM:

We do not think any one of the specifications of error is sustained. The evidence of the magnitude of the storms was such that the counsel for the plaintiff concedes that it should have been submitted to the jury. It was submitted, in a clear and fair charge. In the absence of any more specific instructions being prayed for, we see no error in answers to the points, nor in the charge. It was not misleading or inadequate.

Judgment affirmed.